## WILLIAM V. HUGHES v. WILLIAM PERRY.

Where a plaintiff set out in his petition a survey, made in 1841, and sought
to recover under it, he was not permitted to connect such survey with an-
other made previously, but not in accordance with law, and which had been
abandoned, so as to defeat one made before that upon which recovery was
sought.

A survey legally made will not be prejudiced by any subsequent wrongful
or fraudulent act of the Surveyor.

Appeal from Cass.   Tried below before S. H. Pirkey, Esq.,
Special Judge.

The plaintiff, in his original petition, claimed the land in
controversy, by virtue of a location and survey, made under

*This Opinion applies equally to two other cases, to-wit: No. 1504, Cox, et
al. v. Curtis & Hopper, and No. 1496, Cox et al. v. Boyd & Paul.

a certificate issued to Thomas Gillespie, without alleging the date of the survey. In his amended petition he alleges that the location was made in 1840, and appends to his petition a copy of the survey, dated November, 1841, made by Allen Urquhart, a Deputy Surveyor under Levi Jordan. Plaintiff charges that the said Levi Jordan and one James Swanson, being the owners of a certificate issued to William Archer of a survey made for another, under whom he holds, previous to that made for the plaintiff under the Gillespie certificate, fraudulently caused one hundred and sixty acres of the land to be surveyed, by virtue of the said certificate, in June, 1841; that the corrected field-notes, made by Urquhart, as Deputy of Jordan, and examined and approved by Jordan as Surveyor, and recorded, were returned to the General Land Office; that said certificate of Thomas Gillespie was transferred July 18th, 1840, by Gillespie to Robert Hughes, and Robert Hughes conveyed the land in controversy to appellant. Defendant pleads not guilty, and specially title in himself to one hundred and sixty acres of the land, by virtue of a survey, made in June, 1841, under the headright of William Archer.

The following are the facts established by plaintiff:

That the survey of one hundred and sixty acres, on the headright of Gillespie, was made by Hamilton, as Deputy Surveyor, in 1840, in a square on a navigable stream; that the survey, made by Hamilton, was corrected by Urquhart, as Deputy Surveyor of Jordan, in November, 1841, and by Jordan approved and recorded in June, 1842; that the field-notes were returned to the General Land Office; that the original survey was made for Robert Hughes; that Robert Hughes held by transfer from Gillespie, and that William V. Hughes held by conveyance from said Robert; that Jordan, one of defendant's vendors at the time of the original survey, under and by virtue of which defendant claims, had notice of plaintiff's survey, made in 1840, and approved as Surveyor, the corrected field-notes of the survey made by Urquhart;

that Jordan, one of defendant's vendor's, was Surveyor of the county, and part owner of the certificate, (headright of Archer,) whom the survey, under which defendant claims, was made; that the corrected survey, made by Urquhart, was done by order of Jordan, Surveyor; that Urquhart reported to Jordan that the corrected survey made on the Gillespie certificate, conflicted with the one made by the Archer certificate; that Jordan said it made no difference, he was interested in the Archer survey, and that there was vacant land north of the same. The survey, on the headright of Archer, was made in June, 1841, and included one hundred and sixty acres of the corrected survey, made by Urquhart, being a part of the original survey made by Hamilton, in 1840. Defendants showed a title to the one hundred and sixty acres of the land in controversy, by patent and deeds.

. There was a verdict and judgment for defendant.

*S. H. Morgan*, for appellant.

*S. F. Moseley* and *M. Farley*, for appellee.

WHEELER, J. It appears by the record that the plaintiff's survey, under which he claims, was made in November, 1841. That is the survey set out in his original, and appended to his amended petition; and it is by virtue of, and in accordance with that survey that he seeks to recover. The survey made in 1840, which was not made in accordance with law, and which was changed in making the new and correct survey 1841, having been abandoned and lost sight of, cannot now be set up as having interposed a barrier to other surveys which may have conflicted with it when made. It interposed no legal impediment to the making of the survey upon the Archer certificate, under which the defendant holds, in June, 1841. That survey was a legal appropriation of the land from its date; and it is quite too clear for argument that it could not be dis-

placed, or affected by the defendant's survey subsequently made. In making the correct and only legal survey upon the plaintiff's certificate, in November, 1841, the Surveyor ought to have made his survey in such manner as to have included the requisite quantity of land, not previously appropriated. He had no authority or right to disregard and conflict with prior surveys. But the owners of such prior surveys cannot be affected by his wrongful acts. By the use of ordinary diligence, the holder of the plaintiff's certificate might have known and avoided the conflict. It was his duty to find vacant land, when he came to make a correct survey upon his certificate, in 1841 ; and if he failed to do so, he alone must suffer the consequences. It is perfectly clear that the survey, under which the defendant claims, was a legal survey and appropriation of the land it embraced, at the time it was made ; and no subsequent wrongful or fraudulent act of the Surveyor, could confer upon another a right to any part of the land thus appropriated. There manifestly is no error in the judgment and it is affirmed.

Judgment affirmed.